Stephens, 52 N. Y. 306; In re New York, L. & W. R. Co., 98 N. Y. 447; and Corporation v. Cooper, 114 N. Y. 388, 21 N. E. Rep. 994,—the defendants should be held to their stipulations. At this late day it would clearly be inequitable to relieve them. The commencement of the action in December, 1888, was notice to them that the plaintiff made a claim for substantial compensation. From that time, up to the time they elected to stipulate not to institute condemnation proceedings, they were at liberty to institute such proceedings, and had ample time to prosecute them to a close; but they saw fit to do nothing in that direction, and to confine themselves to the use of their resources in obstructing plaintiff's progress towards the enforcement of his rights. Moreover, the plaintiff has conveyed upon the faith of one of the stipulations. If the defendants were now relieved as they request, they would in all probability at once turn around and endeavor to so shape the controversy as to be able to claim that the plaintiff has no longer an equitable cause of action; that he should be turned out of court in the present suit, and compelled to bring an action at law for damages; and that the purchaser has no standing unless he brought a new action; and, if successful in such efforts, no condemnation proceedings would perhaps be brought until towards the close of the controversy with the purchaser. A court of equity which already has complete jurisdiction over the whole controversy should not lend its aid to a prolongation of the litigation in the manner pointed out. On the other hand, the conclusion reached involves no hardship to the defendants, for their rights, inclusive of every possible right arising out of the conveyance of the property by the plaintiff, can and will be fully protected by this court in the final determination of the present litigation. The order appealed from should be affirmed, with $10 costs and disbursements.

---

## HOPKINS v. GOURAUD et al.

(Superior Court of New York City, General Term. May 1, 1893.)

ADEMPTION OF LEGACIES—CHANGE OF FUND.

> A will directed that the proceeds of a certain mortgage owned by testatrix should be used to pay an existing mortgage against the estate. Before her death the mortgage was paid to her, and she invested the proceeds in certain railroad bonds. *Held* that, as the bonds were traceable to the immediate proceeds of the mortgage, they were proceeds thereof, within the meaning of the will.

Appeal from special term.

Action by Ferdinand T. Hopkins, as executor and trustee, against Claude L. Gouraud, Manfred T. F. Gouraud, and Ferdinand T. Hopkins, Jr., for a construction of the will of Martha B. T. Hopkins deceased. From a judgment for plaintiff, defendants Claude L. Gouraud and Ferdinand T. Hopkins, Jr., appeal. Affirmed.

The opinion of the trial court by DUGRO, J., was as follows:

"The direction in the sixteenth subdivision of the will is in the nature of a specific legacy, and would come within the rule as to ademption of legacies.

If the proceeds of the mortgage exist in any distinct form, so as to have a separate entity, or if a part of the proceeds so exists, the direction does not fail of force, for such proceeds or part must be applied as directed. In the case presented I think the proceeds of the Louisville Southern R. R. Co. bonds should be applied to a reduction of the mortgage. The bonds are traceable to the immediate proceeds of the East Broadway mortgage, and are themselves proceeds of the mortgage within the term as used in the will. The interest of Claude L. Gouraud in and to the rents and profits of 207 Division street seem to me unassignable."

The sixteenth subdivision of the will of Martha B. T. Hopkins was as follows:

"I order and direct that any mortgage that may be upon the premises known as number one hundred and fifty-one East Forty-Sixth street, in the city of New York, be paid by my said executor out of the proceeds of the mortgage held by me on the premises known as number two hundred and sixty-four East Broadway, in said city of New York."

The fifteenth subdivision of the will was as follows:

"I give, bequeath, and devise the house and premises known as number two hundred and seven Division street, in the city of New York, unto my executor, hereinafter named, in trust to collect and receive the profits thereof, and, after paying thereout all taxes and other necessary expenses, to pay the residue of said rents and profits unto my sons Manfred T. F. Gouraud and Claude L. Gouraud for and during the natural life of my said son Manfred T. F. Gouraud. Upon the death of my son Manfred T. F. Gouraud I order and direct my said executor, after paying out of said rents and profits all taxes and other necessary expenses, to next pay thereout six dollars per week unto my grandson, Manfred T. F. Gouraud, Junior, until he shall arrive at the age of twenty-one years, should he so long survive, and to pay the residue thereof unto my sons Claude L. Gouraud and Ferdinand T. Hopkins, Junior, and upon my said grandson arriving at age of twenty-one years I order and direct my said executor to sell and dispose of said house and premises at public or private sale, and to execute and deliver to the purchaser or purchasers thereof a proper deed of conveyance, and out of the proceeds thereof to pay to my said grandson the sum of six thousand dollars, and to pay the balance of said proceeds unto my said sons, Claude L. Gouraud and Ferdinand T. Hopkins, Junior, in equal shares. In the event of my said son Manfred T. F. Gouraud living until my said grandson shall arrive at age of twenty-one years, then, upon my said grandson arriving at said age, I order and direct my executor to sell and dispose of said house and premises, and out of the proceeds thereof to pay to my said grandson the sum of six thousand dollars, and to pay the balance of said proceeds unto my sons Manfred T. F. Gouraud and Claude L. Gouraud, in equal shares. In the event of my said grandson dying before arriving at the age of twenty-one years, I give, devise, and bequeath said house and premises unto my said sons Manfred T. F. Gouraud and Claude L. Gouraud, in equal shares; but in case my said son Manfred T. F. Gouraud shall not then be living, I give, bequeath, and devise his share of said house and premises unto my son Ferdinand T. Hopkins, Junior."

On the trial it appeared that at the time of the execution of said will the testatrix was the owner of a mortgage to secure the sum of $14,500, which mortgaged the premises known as No. 264 East Broadway, in the city of New York, and which was the mortgage intended and referred to in the last clause of the sixteenth paragraph of subdivision of said will; that subsequent to the making of said will, and during the lifetime of testatrix, the sum secured by said East Broadway mortgage was paid to said testatrix, who discharged and satisfied said mortgage in due form; that testatrix, out of the moneys so received, applied the sum of $3,500 to the payment

of the second mortgage for that amount on the premises No. 151 East Forty-Sixth street, and invested the sum of $9,700 in 10 bonds of the Louisville Southern Railroad Company, which she afterwards exchanged upon a reorganization of the affairs of that company for other bonds, which she continued to own until her death.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

Goldsmith & Doherty, for appellants.
J. McG. Smith, for respondent.

PER CURIAM. The judgment should be affirmed, with costs, upon the opinion rendered by the learned judge below. All concur.

---

## HALSTED v. HALSTED et al.

(Superior Court of New York City, General Term.   May 1, 1893.)

DISCOVERY—INSPECTION OF LETTERS.

A motion for an inspection of certain letters written to plaintiff, and in her possession, is properly denied, when the contents of the letters are undisclosed, and it is uncertain that they contain anything that would benefit defendants if offered as evidence, and the application does not avow specifically that the contents, if learned, would be offered in testimony on the trial.

Appeal from special term.

Action for an admeasurement of dower by Florice Von Ax Halsted against Jacob H. Halsted, James M. Halsted, Cornelia R. Little, Mary M. Halsted, and Anna B. Halsted, heirs of Jacob Halsted, deceased, and against Jacob H. Halsted, James M. Halsted, and Jacob H. Purdy, as executors, etc., of deceased, and the New York Realty Company and Walter Lawrence. Defendants moved for an inspection of certain letters written to plaintiff by decedent, and in her possession. The order was denied, and defendants appeal. Affirmed.

For decision on appeal from an order denying defendant's motion for an additional bill of particulars, see 22 N. Y. Supp. 384.

Argued before SEDGWICK and McADAM, JJ.

Platt & Bowers, (John M. Bowers, of counsel,) for appellants.
Lewinson & Falk, for respondent.

PER CURIAM. There were certain characteristics of the application below which justify the decision that was made. It was uncertain that the letters contained anything that would benefit the defendants, if offered as evidence. Indeed, the contents are undisclosed. The application does not avow specifically that the contents, if learned, will be offered in testimony upon the trial.

Order affirmed, with $10 costs.